**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMENAKI SIMONIAN, | No.    17-72848 |
| Petitioner, | Agency No. A070-076-796 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021**

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Armenaki Simonian, a native and citizen of Georgia, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

deportation proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review for abuse of discretion the denial of a motion to reopen.  *Bonilla v. Lynch*,

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

840 F.3d 575, 581 (9th Cir. 2016). We review de novo questions of law, *id*., and due process claims in immigration proceedings, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Simonian's motion to reopen as untimely, where he filed the motion more than 14 years after his final order of deportation and failed to show he qualifies for any regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(2)-(3). To the extent Simonian contends the deadline for his untimely motion to reopen should have been equitably tolled, we lack jurisdiction to consider the contention. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Simonian's contention that the BIA's decision not to reopen proceedings sua sponte was premised on an erroneous or incomplete assessment of the applicable law on suspension of deportation fails. *Cf.* 8 C.F.R. § 1240.61(a)(3) (to be eligible petitioner must have entered the United States on or before December 31, 1990); *Ram v. INS*, 243 F.3d 510, 517, 517 n.9 (9th Cir. 2001) (describing which petitioners qualify under transitional rule exemption from the stop-time rule). In the absence of any legal or constitutional error, we lack further jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. *See Bonilla*, 840 F.3d at 588 ("[T]his court has jurisdiction to review Board decisions denying *sua*

17-72848

*sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

Finally, Simonian's contention that *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), might have jurisdictional ramifications or otherwise affect his case also fails. *See* 8 U.S.C. § 1252b(a)(2) (1988), *amended by* 8 U.S.C. § 1252b(a)(2) (Supp. III 1992) (permitting notice of the time and place at which proceedings will be held to be given "in the order to show cause or otherwise"); *see also Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("the lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over [the] case").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**